IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IRA KLEIN, §<br>      Petitioner, §<br>§<br>v. §<br>§<br>RODNEY W. CHANDLER, Warden, §<br>FCI-Fort Worth, §<br>      Respondent. § | Civil Action No. 4:13-CV-372-Y |

## FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.  Nature of the Case**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.[1]

**B.  Parties**

Petitioner, Ira Klein, Reg. No. 9446-179, is a federal prisoner currently confined in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent, Rodney W. Chandler is Warden of FCI-Fort Worth. No service has issued upon Respondent.

---

[1] Petitioner did not pay the $5.00 filing fee or file an application to proceed *in forma pauperis*.

**C.     Procedural History**

Petitioner is confined pursuant to his convictions for mail fraud, health care fraud, and influencing, impeding or retaliating against a federal official in the United States District Court for the Southern District of Texas, Houston Division. *See United States v. Klein*, CM/ECF LIVE, PACER, Case Locator, Criminal Docket for nos. 4:07-cr-00470-1 & 4:06-CR-00056-A.

**D.     Discussion**

By way of this petition, petitioner asserts he suffers from severe gender identity disorder ("GID") and seeks an injunction requiring the Federal Bureau of Prisons ("BOP"), which has adopted a "policy of deny, deny and delay," to provide him with sex reassignment and facial feminization surgery, electrolysis and/or laser hair removal, and Rogaine, which he claims prison officials have denied him through "medical negligence" and "deliberate indifference," in violation of the Eighth Amendment's prohibition against cruel and unusual punishment and BOP's Program Statement 6031.03. (Pet. at 1, 5-19) Petitioner currently receives hormone therapy and other accommodations for his GID. (*Id.* at 4-5) Nevertheless, he urges he has experienced "emotional pain, suffering, inconvenience, mental anguish, and the loss of enjoyment of life," as a result of the BOP's failure to take appropriate additional action regarding treatment of the disorder. (*Id.* at 19)

Rule 4 of the Rules Governing Section 2254 Cases in federal district courts authorizes a habeas corpus petition to be summarily dismissed when it appears that the petitioner is not entitled to relief.[2] Moreover, the Fifth Circuit has recognized a district court's authority under Rule 4 to

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

(continued...)

2

examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

Federal prisoners may challenge the manner in which their "sentence is carried out or the prison authorities' determination of its duration" in a habeas petition pursuant to § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). However, habeas relief "is not available to review questions unrelated to the *cause* of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) (emphasis added). *See also Moore v. King*, No. 08-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009) (holding "because [petitioner] does not seek release from custody, his claims are not cognizable in a habeas proceeding"). The Fifth Circuit in *Pierre* went on to say that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre*, 525 F.2d at 935-36. *See also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (holding a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures). Therefore, an inmate is not entitled to relief in a habeas corpus petition based on civil rights claims related to the conditions of his confinement. *Hernandez v. Garrison*, 916 F.2d 291,

---

²(...continued)
28 U.S.C. § 2243(emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

RULES GOVERNING SECTION 2254 CASES, RULE 4 (emphasis added).

3

293 (5th Cir. 1990) (holding claims of overcrowding, denial of medical treatment and access to an adequate law library not proper subject for a habeas corpus petition).

Petitioner's claims do not concern the fact or duration of his confinement. Instead, he seeks injunctive relief regarding medical treatment for his GID, which is related to the conditions of his confinement. This type of injunctive relief is not a proper subject for a habeas corpus petition. *Id.* at 292-93. Therefore, his claims are not cognizable in a § 2241 petition. *Carson*, 112 F.3d at 820; *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987) (holding that the core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the fact or duration of his confinement or merely the rules, customs, and procedures affecting conditions of confinement). Petitioner's claim is more properly brought pursuant to a civil rights action under 42 U.S.C. § 1983. *Spencer v. Bragg*, 310 Fed. Appx. 678, 2009 WL 405864, at *1 (5th Cir. Feb. 18, 2009) (holding habeas petition was not proper method for federal prisoner to challenge the conditions of his confinement-alleged exposure to asbestos, lack of proper medical treatment, retaliation, and the loss of legal notes-since such claims should be raised in civil rights action).

## II. RECOMMENDATION

It is therefore recommended that this petition be dismissed for lack of jurisdiction.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until *May 29*, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until *May 29*, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May ___8___, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE